**BARTLETT, Etc., Plaintiff, v. BOARD OF EDUCATION of Miamisburg City School District, Defendant.**

Common Pleas Court, Montgomery County.

No. 108502. Decided July 21, 1955.

Peck, Shaffer & Williams, Cincinnati, by Frank H. Shaffer, Jr., for plaintiff.

Mathias H. Heck, Dayton, Prosecuting Attorney, by John P. McHugh, for defendant.

## OPINION

By McBRIDE, J.:

This case was submitted to the Court on a petition for a declaratory judgment, an answer and testimony supporting the decision of the Board of Education to construct two elementary schools rather than one, and to make additions to existing buildings.

The answer filed by the Board of Education admitted every allegation of the petition. Because the petition is admitted and was supported by evidence it is included in this decision. The petition alleges:

"Plaintiff brings this action under authority of §2721.02 R. C. for a determination of his rights and obligations in the matter of the issuance of bonds by the defendant. Plaintiff is the Clerk-Treasurer of the defendant Board of Education and is charged with the disbursement of the proceeds of the sale of said bonds.

"Plaintiff states that at the general election held on November 2, 1954, there was submitted to the electors of the Miamisburg City School District the question of the issuance of bonds of the defendant Board of Education in the principal amount of $695,000 for the purpose of 'acquiring a site and constructing and equipping an elementary school building and additions to existing school buildings.'

"That at said election 1684 electors voted in favor of said bond issue and 1014 against said bond issue, the requisite legal majority being 55%, and subsequently, upon a resolution duly adopted by the plaintiff at a meeting held on January 10, 1955, which authorized the issuance of said

bonds for the purpose set forth above, said bonds were advertised and sold according to law and are now outstanding, having been fully paid for by the purchasers.

"That a question has arisen as to the use of the proceeds, in that it has been considered and determined by the defendant and the superintendent of schools that it would be more practical and economical and better serve the public interest to acquire a site and construct and equip two elementary school buildings instead of acquiring a site and constructing and equipping one elementary school building; that two elementary school buildings should be located in centers of greatest population, thereby providing greater convenience to the public and reducing pupil transportation costs; that two elementary school buildings should be so constructed as to permit future additions thereto, whereas, if a single elementary school building were built any future expansion would require new site acquisition and construction at an increased cost.

"That the question involved is a construction of a section of the Uniform Bond Law which controls the issuance of bonds by boards of education, namely, §133.36 R. C., which provides in part:

" 'The money from the principal, or sale of such bonds or notes, shall be credited to the fund on account of which the bonds are issued or sold and used only for the purpose set out in the resolution or ordinance of the taxing authority * * *' and its application to the present bond issue, in that plaintiff desires the direction of the court to him and to the defendant as to whether the proceeds of said bond issue may be used to acquire a site and construct and equip two elementary school buildings, as proposed above.

"That the main and overall purpose of the defendant in submitting said bond issue to the electors was to provide adequate and modern school facilities of proper constrution and location for the accomodation of the pupils of the school district, and that it has been determined that it would be for the best interests and better serve the main purpose and intent of the said bond issue and the electors in approving the same to acquire a site and construct and equip two elementary school buildings instead of acquiring a site and constructing and equipping one elementary school building and that in so doing the provisions of the statute, §133.29 R. C., would be substantially complied with, and that said statute should not be so construed and applied as to prevent the use of said proceeds as proposed by the defendant.

"Therefore, plaintiff prays for the judgment of this court construing said statute and declaring the rights of the plaintiff and defendant thereunder with respect to the use of the proceeds of said issue of $695,000 of bonds, and to such other relief to which he may be entitled."

The bonds authorized by the levy were sold on April 6, 1955. After the election and within a period of approximately six months, construction and contemplated construction of new homes in another section of the city school district reached such proportions that the Board determined, if possible, to use part of the proceeds of the bond issue to construct an elementary school building in that area, rather than attempt to meet the needs by additions to existing buildings. This change in plans would locate school facilities closer to the elementary age

population and would result in substantial savings in transportation costs to the Board. Construction of the one new building, as announced in the levy, remains unchanged from the original plans and some additions to existing buildings will also be made. The Board plans substantial buildings, but without non-essentials, so as to obtain further use of the tax fund to better meet the expanding enrollment.

Sec. 133.36 R. C., a section of the Uniform Bond Law, provides in part: "The money from the principal, or sale of such bonds or notes, shall be credited to the fund on account of which the bonds are issued or sold and used only for the purpose set out in the resolution or ordinance of the taxing authority * * *."

Section 133.10 of the Uniform Bond Law requires that "the resolution * * * shall relate to only one purpose." And, further, that "in the case of a school district, any number of school buildings may be included in a single resolution."

An almost identical factual situation was presented to the Supreme Court of Ohio in **State, ex Van Harlingen, v. Board of Education, 104 Oh St 360 (1922).** Under the statutory bond authority then in effect, bonds had been voted for the purpose, among others, of erecting a single school building; by resolution, the board proposed to erect two school buildings and had acquired options for two sites. The court affirmed Court of Appeals action in dismissing a petition seeking a writ of mandamus directing the board to construct one and not two buildings, and asking that the board be enjoined from spending the bond proceeds other than for the literal purposes of the bond issue.

Syllabus 2 of that case reads:

"Boards of education are by the provisions of §7625 GC, vested with authority to determine the needs of school districts for the proper accommodation of the schools, and the approval by the electors at an election called for that purpose of a bond issue to raise funds for the erection of a schoolhouse does not withdraw from the board the discretion and authority conferred upon it by law, nor require the board to proceed with the erection of a particular school building."

Judge Johnson's opinion elaborates on that paragraph of the syllabus:

"The manifest purpose of the legislature was to secure to the electors of the district the final determination of the matter of the issuing of bonds to be paid by the taxpayers of the district. There is nothing in the section which indicates that the legislature intended to withdraw from the board of education the discretion conferred upon it by that and other sections of the Code with reference to the control and managment of the schools of the district, or with reference to the consolidation of rural districts. All of those matters are left within the discretion of the board precisely as if the question of the bond issue had not been submitted to the electors."

There is a substantial difference in the procedure and nature of issues which may be determined in mandamus, as distinguished from an action in declaratory judgment. It must be observed, however, that the facts in the Van Harlingen case were peculiar to a consolidation program in spite of which the board was not restrained from constructing

two schools. The resolution in the instant case is broad and otherwise limited only to use for elementary school construction. The levy was designed to meet a need which practically doubled from the time of the resolution to the time the money was actually available. These factors slightly distinguish the Van Harlingen case. The distinctions support the authority and discretion of the board to determine and meet the requirements of the school district to best serve the purpose for which the construction was authorized.

Other cases to the same general effect are: **State, ex Clarke, v. Board of Education, 11 Oh Ap 146 (1919); Sheffield Lake v. Holley, 152 Oh St 374** (see Editor's note in 40 O O 444).

In conclusion, the court finds as a matter of law that the authority and discretion of a board of education over the location, number and nature of elementary school buildings is not restricted by a bond levy, the express purpose of which was to acquire a site and construct "an elementary school building and additions to existing school buildings."

An entry may be prepared accordingly, approving the proposed action of the school board to construct two elementary school buildings.